## Panos v. Millcreek Township Board of Adjustment

*Edward G. Petrillo*, for appellant.

*James W. Evans*, for appellee.

EVANS, P. J., April 3, 1950.—This matter is before us on an appeal from an order of the Board of Adjustment of Millcreek Township, refusing appellant a per-

mit to erect 10 cabins, a store and a utility building on lot no. 13, Tracy Acres Subdivision, Millcreek Township, as shown upon a map recorded in Erie County Map book 3, pages 383-384.

Appellant purchased this property in July 1946 and, according to the testimony, he at that time contemplated the erection of the structures referred to herein. A zoning ordinance was passed April 4, 1949, effective on that date, by which lot no. 13 was included in the class "A" residence district wherein less than half of the intended construction could be erected on said lot.

The fact that the lot was purchased by appellant for a particular purpose may not be considered here. The previous owner of the lot, or the owner of any lot affected by the zoning ordinance, may have intended a similar use; but it has been repeatedly held that a zoning ordinance is for the promotion of health, safety and the general welfare of the community as a whole and, under the police power of the particular political subdivision, is enforcible even though its operation may prevent an intended use of the property by its owner.

Section 1004 of this ordinance provides that all structures started within six months prior to the passage date of the ordinance, and not in conformity therewith, must be discontinued unless there has been a substantial construction or contracts for such construction have been let. This exception is obviously to prevent the taking of property without due process of law. Here it is contended that contracts for construction had been let and the work started on April 4, 1949, the date when the ordinance was passed, and therefore cannot be interfered with by legislation effective as of a later date. Offered to support this position was a contract dated January 15, 1949, by which Mario Servidio agreed to have charge of and supervise construction of a proposed motor court on a cost-

plus basis. The number of structures was not designated and no obligation arose under that contract which could in any way cause appellant financial loss. Also offered in evidence was a proposal of the Milano Construction Company, dated March 15, 1949, to do rough grading for the sum of $300 and to excavate for store basement and cabin foundations at the rate of a designated amount per cubic yard. Evidence also followed to show that a small amount of grading was done and that footings for two cabin foundations were installed. There is nothing in this proposal or the work to be done thereunder or, in fact, the work that was done thereunder, which in any way exceeds that which is allowed under the ordinance. The fact that appellant, in his own mind, had a plan to erect more structures than permitted by the ordinance in no way makes him liable to the Milano Construction Company if he is unable to obtain the necessary permit from the zoning board.

We find no Pennsylvania authority on the situation here disclosed, but in 117 A. L. R., beginning at page 1139, are cases from various other States all uniformly to the effect that any construction which is to be considered as exempt from the provisions of a zoning ordinance must have been of substantial proportions prior to the effective date of the ordinance. It appears to us that appellant has made a hurried attempt to create his present reasons for exemption after learning (from advertising and other procedures required by law to pass and make effective a zoning ordinance) that his lot was to be restricted somewhat in the use for which purchased. Whether or not this is so, however, in our opinion the action of the board of adjustment must be sustained.

And now, to wit, April 3, 1950, the appeal is dismissed.